UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEVERN ANDRA GIVENS,

   Plaintiff,

      v.                                                                   No. 3:16-cv-2102(WIG)

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

    Defendant.
_____X

## RULING ON PENDING MOTIONS

This is an administrative appeal following the denial of the plaintiff, Levern Andra Givens's, application for Title II disability insurance benefits ("DIB") and Title XVI supplemental security income benefits ("SSI"). It is brought pursuant to 42 U.S.C. §§ 405(g).[1]

Plaintiff now moves for an order reversing the decision of the Commissioner of the Social Security Administration ("Commissioner"). In the alternative, Plaintiff seeks an order remanding his case for a rehearing. The Commissioner, in turn, has moved for an order affirming her decision.

---

[1] Under the Social Security Act, the "Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under [the Act]." 42 U.S.C. §§ 405(b)(1) and 1383(c)(1)(A). The Commissioner's authority to make such findings and decisions is delegated to administrative law judges ("ALJs"). *See* 20 C.F.R. §§ 404.929; 416.1429. Claimants can in turn appeal an ALJ's decision to the Social Security Appeals Council. *See* 20 C.F.R. §§ 404.967; 416.1467. If the appeals council declines review or affirms the ALJ opinion, the claimant may appeal to the United States district court. Section 205(g) of the Social Security Act provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C § 405(g).

1

The undersigned heard oral argument on November 14, 2017.[2]  For the following reasons, Plaintiff's motion for an order reversing or remanding the ALJ's decision is granted, and the Commissioner's motion for an order affirming that decision is denied.

## **LEGAL STANDARD**

"A district court reviewing a final . . . decision [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is performing an appellate function." *Zambrana v. Califano*, 651 F.2d 842 (2d Cir. 1981).  "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, [are] conclusive . . . ." 42 U.S.C. § 405(g).  Accordingly, the district court may not make a *de novo* determination of whether a plaintiff is disabled in reviewing a denial of disability benefits.  *Id.*; *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the court's function is to first ascertain whether the Commissioner applied the correct legal principles in reaching her conclusion, and then whether the decision is supported by substantial evidence.  *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).  Therefore, absent legal error, a decision of the Commissioner cannot be set aside if it is supported by substantial evidence.  *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).  Further, if the Commissioner's decision is supported by substantial evidence, that decision will be sustained, even where there may also be substantial evidence to support the plaintiff's contrary position.  *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982).

Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988)

---

[2] The Court notes that counsel for both sides presented well-articulated, thoughtful arguments. This case was a close call.  The Court appreciates counsel's diligence.

2

(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence must be "more than a scintilla or touch of proof here and there in the record." *Williams*, 859 F.2d at 258.

## BACKGROUND

**a. Facts**

On April 23, 2013, Plaintiff filed his applications for DIB and SSI, alleging a disability onset date of April 22, 2013. His claims were denied at both the initial and reconsideration levels. Thereafter, Plaintiff requested a hearing. On May 3, 2014, a hearing was held before administrative law judge Deidre R. Horton (the "ALJ"). On April 9, 2015, the ALJ issued a decision denying Plaintiff's claims. The Appeals Council denied review of the ALJ's unfavorable decision, thereby making the ALJ's decision the final decision of the Commissioner. This appeal followed.

In accordance with the Court's scheduling order, the parties have filed a Stipulation of Facts. [Doc. # 18-2]. The Court adopts the facts as represented, and incorporates them by reference herein.

**b. The ALJ's Decision**

The ALJ followed the sequential evaluation process for assessing disability claims. At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 18). At Step Two, the ALJ found Plaintiff's chondromalacia of the right knee to be a severe impairment. (R. 19). At Step Three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of

one of the listed impairments. (*Id.*). Next, the ALJ determined Plaintiff retains the following residual functional capacity[3]:

> Plaintiff can perform medium work except he is limited to frequent climbing of ramps, stairs, ladders, ropes, or scaffolds, and to frequent balancing, bending, crouching, crawling, kneeling, and stooping.

(R. 19-22). At Step Four, the ALJ found Plaintiff was able to perform his past work as a materials handler. (R. 22). Specifically, the ALJ found that Plaintiff could perform this former position as he actually performed it. (*Id.*). Accordingly, the ALJ found Plaintiff not to be disabled.

## **DISCUSSION**

The Social Security Act defines disability as "[an] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1). In order to determine whether a claimant is disabled, the ALJ must follow the Commissioner's five-step evaluation process.[4]

---

[3] Residual functional capacity ("RFC") is the most a claimant can do in a work setting despite his limitations. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1).

[4] The five steps are as follows: (1) the Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities; (3) if the claimant has a "severe impairment," the Commissioner must ask whether, based solely on the medical evidence, the claimant has an impairment which "meets or equals" an impairment listed in Appendix 1 of the regulations. If so, and it meets the durational requirements, the Commissioner will consider him or her disabled, without considering vocational factors such as age, education, and work experience; (4) if not, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has the residual functional capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work in the national economy which the claimant can perform. 20 C.F.R. §§ 404.1520 (a)(4)(i)-(v); 416.920(a)(4)(i)-(v). The claimant bears the burden of proof on the first four steps, while the Commissioner bears the burden of proof on this last step. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014).

On appeal, Plaintiff advances several arguments, all of which challenge the ALJ's RFC finding.

The ALJ found that Plaintiff was capable of performing medium work. Pursuant to the regulations, "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c); 416.967(c). Further, the "considerable lifting required for the full range of medium work usually requires frequent bending-stooping…Flexibility of the knees as well as the torso is important for this activity." *Titles II & Xvi: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2*, SSR 83-10 (S.S.A. 1983).

Despite the relatively moderate degree of objective medical evidence as to Plaintiff's knee impairment, and the arguably modest treatment undertaken by Plaintiff, the Court cannot say substantial evidence supports the RFC. The evidence of record simply does not provide a basis for finding Plaintiff can lift 50 pounds and frequently carry 25 pounds.

The only two medical opinions in the record from sources who actually examined Plaintiff[5] conclude that he is capable of less than medium work. On October 31, 2013, Dr. Goccia conducted a Consultative Examination. (R. 321-25). Dr. Goccia observed that Plaintiff had a normal gait and stance, could walk on heels and toes without difficulty, and could squat 50%. (R. 323). Plaintiff did not use an assistive device, did not experience difficulty getting on to and off of the examination table, and was able to rise from a chair without difficulty. (*Id.*).

---

[5] At the time Dr. Tagoe rendered his opinion, he had treated Plaintiff only twice. He was not, therefore, a "treating" doctor whose opinion was entitled to controlling weight. "[T]he opinion of a treating physician is given extra weight because of his unique position resulting from the *continuity* of treatment he provides and the doctor/patient *relationship* he develops." *Petrie v. Astrue*, 412 F. App'x 401, 405 (2d Cir. 2011) (emphasis in original) (internal quotation marks omitted) (finding no error in discounting treatment providers' opinions when one doctor saw claimant once, and another doctor had four treatment notes).

Plaintiff also exhibited full range of motion of the cervical spine, lumbar spine, bilateral hips and knees, shoulders, elbows, and wrists. (R. 324). Joints were stable and non-tender, there was full strength in the upper and lower extremities, and neurological function was intact. (*Id.*). Dr. Goccia opined that Plaintiff was moderately limited in activities that required squatting, lifting, and carrying. (R. 325). The ALJ accorded Dr. Goccia's opinion partial weight, discounting the finding that Plaintiff was moderately limited in squatting, lifting, and carrying because Dr. Goccia did not specify how may pounds Plaintiff would be able to lift. (R. 21).

On December 22, 2014, Dr. Tagoe completed a Physical Capacities Evaluation. (R. 388-91). He found that Plaintiff could continuously lift and carry up to five pounds, frequently lift five to 10 pounds, occasionally lift 11 to 20 pounds and carry five to 10 pounds, and could never lift and carry more than 20 pounds. (R. 389). Dr. Tagoe further opined that Plaintiff could continuously bend and reach above shoulder level, occasionally squat, and never crawl or climb. (R. 390). Finally, he found that Plaintiff would need to take unscheduled breaks every half hour to hour to relieve limb pain. (*Id.*). The ALJ accorded Dr. Tagoe's opinion little weight, reasoning that it was inconsistent with the physician's own treatment notes. (R. 21).

There was no other evidence in the record addressing Plaintiff's ability to lift 50 pounds.

In *Blackert v. Berryhill*, No. 3:16-CV-1327 (JCH), 2017 WL 3168580, at *6 (D. Conn. July 26, 2017), the court found that an RFC for medium work was not supported by substantial evidence for two reasons. First, the only opinion evidence came from state medical consultants, whose findings were based on treatment notes showing the claimant's strength and range of motion were "normal." *Id.* The court found that it was "unreasonable to extrapolate from 'normal' evaluation scores that [claimant] … can lift fifty pounds and carry twenty-five pounds. The word 'normal' is too vague to bear the weight that the Agency consultants apparently placed

upon it." *Id.* Second, the medical evidence and claimant testimony suggested that "frequent lifting and carrying of objects weighing up to twenty-five pounds would be beyond [claimant's] exertional capacity." *Id.* at *7. With respect to this second point, the court emphasized that "medium work requires both strength and endurance, because medium work may require 'frequent lifting or carrying of objects weighing up to 25 pounds.'" *Id.* (quoting 20 C.F.R. § 404.1567(c)).

The reasoning in *Blackert* applies here. The evidence the ALJ conjures in support of the RFC consists largely of normal examination findings. (*See* R. 20-22). What is unclear is *how* these normal findings equate to evidence of Plaintiff's ability to lift up to 50 pounds. As in *Blackert*, it was unreasonable for the ALJ to "extrapolate from 'normal' exam scores" that Plaintiff could meet the exertional requirements of medium work. Also, it was unreasonable for the ALJ to evaluate the evidence before her as indicative of Plaintiff having the "strength and endurance" to frequently lift and carry objects weighing 25 pounds. *See Blackert*, 2017 WL 3168580, at *7. The ALJ noted that Plaintiff was capable of daily activities including driving, doing dishes, taking the garbage out, taking care of his girlfriend's granddaughter, and taking care of his personal hygiene. (R. 20). While these activities may show Plaintiff is capable of some exertion, they do not provide evidence of an ability to lift 50 pounds.

Finally, the ALJ states that there is "nothing in the claimant's record to suggest he would not be able to perform at the medium exertion level." (R. 22). At least one court has rejected this rationale when there is no evidence the claimant could meet the exertional requirements of medium work. *See Craig v. Sullivan*, No. 89-CV-752, 1990 WL 136775, at *4 (N.D.N.Y. Sept. 21, 1990) (ordering remand when there was no medical evidence claimant could meet the carrying requirement of medium work, and when the ALJ failed to discuss the requirements of

7

medium work and instead "simply conclude[d] that plaintiff has failed to establish that his impairments precluded medium work.").

Accordingly, because the ALJ's RFC determination is not supported by substantial evidence, this matter is remanded to the Commissioner. On remand, the ALJ should consider further developing the record with respect to Plaintiff's residual functional capacity. Further findings on Plaintiff's functional ability are particularly important in this case. If Plaintiff is not capable of medium work, even if he is capable of light or sedentary work, he will be disabled pursuant to the Medical Vocational Guidelines. *See* Grid Rule 202.04, 20 C.F.R. Part 404, Subpart P, Appendix 2; *see also Calzada v. Asture*, 753 F. Supp. 2d 250, 282 (S.D.N.Y. 2010) (noting that an ALJ's "unexplained and quite possibly unjustified finding of a medium-level work capability appears to have been necessary for a denial of benefits to plaintiff. This only underscores the importance of ensuring a complete record and an adequate explanation for the ALJ's reasoning, which appears inconsistent with even the consulting sources' views.").

In light of the Court's findings above, it need not reach the merits of Plaintiff's remaining arguments. Therefore, this matter is remanded to the Commissioner for further proceedings consistent with this Ruling. On remand, the Commissioner will address the other claims of error not discussed herein.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion to reverse, or in the alternative remand [Doc. # 18] is GRANTED and the Commissioner's motion to affirm [Doc. # 23] is DENIED. This case is remanded to the Social Security Administration for further proceedings consistent with this Ruling.

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. *See* 28 U.S.C. § 636(c)(3); Fed.R.Civ.P. 73(c). The Clerk's Office is instructed that, if any party appeals to this Court the decision made after this remand, any subsequent social security appeal is to be assigned to the Magistrate Judge who issued the Ruling that remanded the case.

SO ORDERED, this  21st  day of November, 2017, at Bridgeport, Connecticut.

*/s/ William I. Garfinkel*  
WILLIAM I. GARFINKEL  
United States Magistrate Judge